IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**KAHLID MOHAMMAD,**

    Plaintiff,

vs.                                                                                      No. 14cv0084 WJ/RHS

**DOE,**

    Defendant.

## MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on pro se Plaintiff Kahlid Mohammad's *Application to Proceed in District Court Without Prepayment of Costs and Fees*, filed January 29, 2014, *see* Doc. 2 (hereinafter called "motion to proceed IFP"), and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. If the Court determines that "the allegation of poverty is untrue," or that a complaint filed without the prepayment of filing fees fails to state a claim or "seeks monetary relief against a defendant who is immune from such relief," it must dismiss the case. *See* §

1915(e)(2)(A), (B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of complaints under § 1915(e) is now mandatory).

Regarding the ability-to-pay prong of the IFP analysis, IFP status should be granted only if a plaintiff demonstrates that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and his dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Mohammad, who is 44 years old and single with no dependents, is unemployed and receives public assistance for food. *See* Doc. 2 at 2. He has 16 years of education but lives in homeless shelters and may be indigent. *See* Doc. 2 at 5-8. As discussed below, however, permission to proceed IFP must be denied and his Complaint must be dismissed even if he were indigent.

## I. Applicable legal standards

"Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F. 3d 324, 327 (10th Cir. 1994). "[T]he party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction." *Id.* (internal quotation marks omitted). In determining whether Mohammad has stated a cognizable federal claim, the Court will accept as true Mohammad's factual allegations and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to him. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). But the Court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

The Court must dismiss a case at any time if it determines that it "lacks subject-matter jurisdiction." FED. R. CIV. P. 12(h)(3); *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. . . . If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*.  Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.") (internal citations omitted).

> [T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.

*Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

### II.  Mohammad's Complaint fails to invoke the Court's subject-matter jurisdiction.

Mohammad brings his Complaint under 42 U.S.C. § 1983.  Doc. 1 at 1.  The allegations in the Complaint, however, are sparse.  *See id.* at 1.  Mohammad states only that Defendant Doe, an APD police officer, arrested him on November 22, 2013, and that he was "released without any court appearance" on January 11, 2014.  *Id.*.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Mohammad does not explain how the officer allegedly violated his constitutional rights, thereby failing to state a cognizable claim against him under § 1983.  Mohammad cites no other basis for this Court's jurisdiction.  Thus, under § 1915(e), the Court must dismiss the Complaint.  *See Trujillo*, 465 F.3d at 1217 n. 5.

**IT IS ORDERED** that Mohammad's motion to proceed IFP (Doc. 2) is DENIED and his Complaint is DISMISSED without prejudice for lack of subject-matter jurisdiction.

_____
**UNITED STATES DISTRICT JUDGE**